ROUTH CRABTREE OLSEN, PS
ATTORNEYS AT LAW
3000 A Street, Suite 200
Anchorage, Alaska 99503
(907) 222-4300
(907) 222-4396 fax
Attorneys for Meridias Capital, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GARY L. WEBER, ) | |
| ) | Case No. 3:10-cv-00123-HRH |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ACCREDITED HOME LENDERS, INC., ) | |
| et al., ) | ANSWER OF MERIDIAS |
| ) | CAPITAL, INC. |
| Defendants. ) | |

Defendant Meridias Capital, Inc. ("Meridias"), for its answer to the complaint admits, denies and alleges as follows:

1. Meridias is without information sufficient to form a basis for belief as to the allegations of Paragraph 1, and therefore denies the same.

2. Admit.

3. Meridias admits that Plaintiff obtained a loan from Accredited on or about November 7, 2006, in the amount of $244,000.00 with an initial interest rate of 9.50%; a margin of 6.5% above the index rate; a first adjustment 36 months after the origination of the loan, with the rate after the initial adjustment to be no more than 11.0% or less than 9.5%; adjustments each six months thereafter with a limit of 1.5% on each subsequent

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

1

Routh Crabtree
Olsen, PS
3000 A Street
 Suite 200
Anchorage, Alaska
99503
 (907) 222-4300
(907) 222-4396 fax

adjustment; a maximum rate of 16.50%; and secured by a deed of trust against the subject property. The remaining allegations of Paragraph 3 are statements of opinion or speculative in nature, and do not require a response. To the extent that a response is required, Meridias denies the same.

4. Meridias is without information sufficient to form a basis for belief as to the allegations of Paragraph 4, and therefore denies the same, except as to the allegation that Accredited was the original lender on the loan.

5. Admitted.

6. Meridias is without information sufficient to form a basis for belief as to the allegations of Paragraph 6, and therefore denies the same, except as to the allegation that Land Title was the mortgage escrow/title company for the loan and the original trustee named in the deed of trust.

7. Admitted.

8. Meridias is without information sufficient to form a basis for belief as to the allegations of Paragraph 8, and therefore denies the same.

9. Meridias is without information sufficient to form a basis for belief as to the allegations of Paragraph 9, and therefore denies the same.

10. Paragraph 10 does not contain factual allegations but rules of construction to which no answer is required. To the extent that an answer is required, Meridias denies the same.

11. Denied.

Routh Crabtree
Olsen, PS
3000 A Street
 Suite 200
 Anchorage, Alaska
 99503
 (907) 222-4300
 (907) 222-4396 fax

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

2

12. Paragraph 12 states conclusions of law to which no answer is required. To the extent that an answer is required, Meridias denies the same.

13. Paragraph 13 states conclusions of law to which no answer is required. To the extent that an answer is required, Meridias denies the same.

14. Paragraph 14 states conclusions of law to which no answer is required. To the extent that an answer is required, Meridias denies the same.

15. Paragraph 15 states conclusions of law to which no answer is required. To the extent that an answer is required, Meridias denies the same.

16. Paragraph 16 states conclusions of law to which no answer is required. To the extent that an answer is required, Meridias denies the same.

17. Meridias realleges its responses to Paragraphs 1-16 as if set forth in full.

18. Meridias is without information sufficient to form a basis for belief as to the allegations of Paragraph 18, and therefore denies the same.

19. Denied.

20. Admitted, except as to any implications of the word "allegedly."

21. Denied to the extent that Paragraph 21 refers to Meridias; denied for lack of knowledge as to any other defendant.

22. Meridias denies the allegations of the first and third sentences of Paragraph 22, and denies the remaining allegations for lack of knowledge.

23. Denied to the extent that Paragraph 23 refers to Meridias; denied for lack of knowledge as to any other defendant.

Routh Crabtree Olsen, PS
3000 A Street
 Suite 200
 Anchorage, Alaska
 99503
 (907) 222-4300
 (907) 222-4396 fax

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

3

24. Denied.

25. Denied.

26. Denied to the extent that Paragraph 26 refers to Meridias; denied for lack of knowledge as to any other defendant.

27. Denied to the extent that Paragraph 27 refers to Meridias; denied for lack of knowledge as to any other defendant.

28. Meridias is without information sufficient to form a basis for belief as to the first sentence of Paragraph 28, and therefore denies the same. Meridias denies the second sentence.

29. Paragraph 29 makes no allegations so no response is required. To the extent that a response is required, Meridias denies the same.

30. Meridias is without knowledge as to what Plaintiff is informed or believes, and therefore denies Paragraph 30.

31. Meridias is without knowledge as to what Plaintiff is informed or believes, and therefore denies Paragraph 31.

32. Meridias is without knowledge as to what Plaintiff is informed or believes, and therefore denies Paragraph 32.

33. Meridias is without knowledge as to what Plaintiff is informed or believes, and therefore denies Paragraph 33.

34. Meridias is without knowledge as to what Plaintiff is informed or believes, and therefore denies Paragraph 34.

Routh Crabtree
Olsen, PS
3000 A Street
 Suite 200
 Anchorage, Alaska
 99503
 (907) 222-4300
 (907) 222-4396 fax

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

4

35. Meridias is without knowledge as to what Plaintiff is informed or believes, and therefore denies Paragraph 35.

36. Meridias is without knowledge as to what Plaintiff is informed or believes, and therefore denies Paragraph 36.

37. Meridias is without knowledge as to what Plaintiff is informed or believes, and therefore denies Paragraph 37.

38. Meridias realleges its responses to Paragraphs 1-37 as if set forth in full.

39. Meridias admits that an actual controversy exists between Plaintiff and Meridias. Meridias denies the remainder of Paragraph 39 to the extent that Paragraph 39 refers to Meridias; denied for lack of knowledge as to any other defendant.

40. Paragraph 40 contains a prayer for relief to which no response is required. To the extent that a response is required, Meridias denies the same.

41. Paragraph 41 contains a prayer for relief to which no response is required. To the extent that a response is required, Meridias denies the same.

42. Denied to the extent that Paragraph 42 refers to Meridias; denied for lack of knowledge as to any other defendant.

43. Meridias realleges its responses to Paragraphs 1-43 as if set forth in full.

44. Denied to the extent that Paragraph 44 refers to Meridias; denied for lack of knowledge as to any other defendant.

45. Denied to the extent that Paragraph 45 refers to Meridias; denied for lack of knowledge as to any other defendant.

Routh Crabtree Olsen, PS
3000 A Street
Suite 200
Anchorage, Alaska 99503
(907) 222-4300
(907) 222-4396 fax

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

5

46. Paragraph 46 contains conclusions of law to which no answer is required. To the extent that an answer is required, Meridias denies the same.

47. Meridias realleges its responses to Paragraphs 1-46 as if set forth in full.

48. Meridias admits that a deed of trust executed by Plaintiff exists, but denies that it is under Meridias's control. Meridias denies the remainder of Paragraph 48.

49. Denied.

50. Denied.

51. Paragraph 51 contains conclusions of law to which no answer is required. To the extent that an answer is required, Meridias denies the same, and notes that 11 U.S.C. §541 is inapplicable to this case.

52. Meridias realleges its responses to Paragraphs 1-51 as if set forth in full.

53. Paragraph 53 contains statements of law to which no answer is required. To the extent that an answer is required, Meridias denies the same.

54. Paragraph 54 contains a legal conclusion to which no answer is required. To the extent that an answer is required, Meridias denies the same.

55. Denied to the extent that Paragraph 55 refers to Meridias; denied for lack of knowledge as to any other defendant.

56. Denied to the extent that Paragraph 56 refers to Meridias; denied for lack of knowledge as to any other defendant.

57. Denied to the extent that Paragraph 57 refers to Meridias; denied for lack of knowledge as to any other defendant.

Routh Crabtree
Olsen, PS
3000 A Street
 Suite 200
 Anchorage, Alaska
 99503
 (907) 222-4300
 (907) 222-4396 fax

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

6

58. Denied to the extent that Paragraph 58 refers to Meridias; denied for lack of knowledge as to any other defendant.

59. Meridias realleges its responses to Paragraphs 1-58 as if set forth in full.

60. Paragraph 60 contains statements of law to which no answer is required. To the extent that an answer is required, Meridias denies the same.

61. Denied to the extent that Paragraph 61 refers to Meridias; denied for lack of knowledge as to any other defendant.

62. Denied to the extent that Paragraph 62 refers to Meridias; denied for lack of knowledge as to any other defendant.

63. Denied to the extent that Paragraph 63 refers to Meridias; denied for lack of knowledge as to any other defendant.

64. Denied to the extent that Paragraph 64 refers to Meridias; denied for lack of knowledge as to any other defendant.

65. Denied to the extent that Paragraph 65 refers to Meridias; denied for lack of knowledge as to any other defendant.

66. Denied to the extent that Paragraph 66 refers to Meridias; denied for lack of knowledge as to any other defendant.

67. Denied.

68. Denied to the extent that Paragraph 68 refers to Meridias; denied for lack of knowledge as to any other defendant.

Routh Crabtree Olsen, PS
3000 A Street
Suite 200
Anchorage, Alaska 99503
(907) 222-4300
(907) 222-4396 fax

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

7

69. Paragraph 69 contains a legal conclusion to which no answer is required. To the extent that an answer is required, Meridias denies the same.

70. Denied.

71. Paragraph 71 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

72. Meridias is without knowledge as to what Plaintiff is informed or believes, and therefore denies the first sentence of Paragraph 72. The second sentence is denied as to Meridias, and denied for lack of knowledge as to any other defendant.

73. Meridias admits that Plaintiff is asserting that he is entitled to evade the obligation that he entered into when he took out the loan. Meridias is without knowledge sufficient to form a basis for belief as to the remaining allegations of Paragraph 73, and therefore denies the same.

74. Paragraph 74 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

75. Denied to the extent that Paragraph 75 refers to Meridias; denied for lack of knowledge as to any other defendant.

76. Paragraph 76 states legal conclusions or a prayer for relief to which no answer is required. To the extent that an answer is required, Meridias denies the same.

77. Meridias realleges its responses to Paragraphs 1-76 as if set forth in full.

78. Paragraph 78 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

Routh Crabtree Olsen, PS
3000 A Street
 Suite 200
 Anchorage, Alaska
 99503
 (907) 222-4300
 (907) 222-4396 fax

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

8

79. Paragraph 79 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

80. Denied to the extent that Paragraph 80 refers to Meridias; denied for lack of knowledge as to any other defendant.

81. Denied to the extent that Paragraph 81 refers to Meridias; denied for lack of knowledge as to any other defendant.

82. Denied to the extent that Paragraph 82 refers to Meridias; denied for lack of knowledge as to any other defendant.

83. Paragraph 83 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

84. Denied to the extent that Paragraph 84 refers to Meridias; denied for lack of knowledge as to any other defendant.

85. Meridias realleges its responses to Paragraphs 1-84 as if set forth in full.

86. Paragraph 86 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

87. The first sentence of Paragraph 87 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same. As to the remainder of Paragraph 87, denied to the extent that Paragraph 87 refers to Meridias; denied for lack of knowledge as to any other defendant.

88. Denied.

Routh Crabtree Olsen, PS
3000 A Street
Suite 200
Anchorage, Alaska 99503
(907) 222-4300
(907) 222-4396 fax

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

9

89. Paragraph 89 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

90. Meridias realleges its responses to Paragraphs 1-89 as if set forth in full.

91. Denied to the extent that Paragraph 91 refers to Meridias; denied for lack of knowledge as to any other defendant.

92. The second sentence of Paragraph 92 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same. As to the remainder of Paragraph 92, denied to the extent that Paragraph 92 refers to Meridias; denied for lack of knowledge as to any other defendant.

93. Paragraph 93 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

94. Paragraph 94 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

95. Paragraph 95 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

96. Meridias realleges its responses to Paragraphs 1-95 as if set forth in full.

97. Denied to the extent that Paragraph 97 refers to Meridias; denied for lack of knowledge as to any other defendant.

98. Paragraph 98 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

Routh Crabtree Olsen, PS
3000 A Street
Suite 200
Anchorage, Alaska 99503
(907) 222-4300
(907) 222-4396 fax

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

99. Paragraph 99 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

100. Meridias realleges its responses to Paragraphs 1-99 as if set forth in full.

101. Paragraph 101 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

102. Denied to the extent that Paragraph 102 refers to Meridias; denied for lack of knowledge as to any other defendant.

103. Denied to the extent that Paragraph 103 refers to Meridias; denied for lack of knowledge as to any other defendant.

104. Paragraph 104 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

105. Meridias realleges its responses to Paragraphs 1-105 as if set forth in full.

106. Paragraph 106 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

107. Paragraph 107 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

108. Paragraph 108 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

109. Meridias realleges its responses to Paragraphs 1-108 as if set forth in full.

110. Paragraph 110 makes an assertion as to the law to which no answer is required. To the extent that an answer is required, Meridias denies the same.

Routh Crabtree Olsen, PS
3000 A Street
Suite 200
Anchorage, Alaska
99503
(907) 222-4300
(907) 222-4396 fax

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

11

111. Denied to the extent that Paragraph 111 refers to Meridias; denied for lack of knowledge as to any other defendant.

112. Denied to the extent that Paragraph 112 refers to Meridias; denied for lack of knowledge as to any other defendant.

113. Denied to the extent that Paragraph 113 refers to Meridias; denied for lack of knowledge as to any other defendant.

114. Denied to the extent that Paragraph 114 refers to Meridias; denied for lack of knowledge as to any other defendant.

115. Denied to the extent that Paragraph 115 refers to Meridias; denied for lack of knowledge as to any other defendant.

116. Denied to the extent that Paragraph 116 refers to Meridias; denied for lack of knowledge as to any other defendant.

117. Denied to the extent that Paragraph 117 refers to Meridias; denied for lack of knowledge as to any other defendant.

118. Meridias realleges its responses to Paragraphs 1-118 as if set forth in full.

119. Admitted.

120. Meridias is without knowledge as to what Plaintiff is informed or believes, and therefore denies the first sentence of Paragraph 120. Meridias claims no interest in the subject property, and therefore denies the remainder of Paragraph 120.

121. Paragraph 121 contains a prayer for relief to which no answer is required. To the extent that an answer is required, Meridias denies the same.

Routh Crabtree
Olsen, PS
3000 A Street
 Suite 200
 Anchorage, Alaska
99503
 (907) 222-4300
 (907) 222-4396 fax

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

12

Case 3:10-cv-00123-HRH   Document 19   Filed 09/08/10   Page 12 of 15

122. Meridias realleges its responses to Paragraphs 1-122 as if set forth in full.

123. Admitted.

124. Meridias admits that defendant MERS was named as the beneficiary of the deed of trust as nominee for the lender. The balance of the paragraph states allegations as to parties other than Meridias, so no response is required. To the extent that a response is required, Meridias denies the same.

125. Paragraph 125 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

126. Paragraph 126 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

127. Meridias admits that the loan in question was registered on the MERS system. Meridias is without knowledge as to the remaining allegations of Paragraph 127, and therefore denies the same.

128. Paragraph 128 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

129. Paragraph 129 states legal conclusions to which no answer is required. To the extent that an answer is required, Meridias denies the same.

130. For any allegation of the complaint not specifically admitted or denied above, Meridias denies the same.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim upon which relief may be granted.

Routh Crabtree Olsen, PS
3000 A Street
 Suite 200
 Anchorage, Alaska
 99503
 (907) 222-4300
 (907) 222-4396 fax

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

13

2. Plaintiff's claims are barred by the statute of limitations.

3. Plaintiff lacks standing to bring this action.

4. Plaintiff's damages, if any, were the result of his own negligent or wrongful actions.

5. Estoppel.

6. Waiver.

7. Unclean hands.

8. The actions alleged in the complaint, even if true, do not rise to the level justifying an award of punitive damages.

9. Failure to mitigate.

10. At least some of the statutes and/or regulations relied upon by Plaintiff did not exist in the form he cites at the time of the origination of the loan, and are therefore inapplicable to his claims.

Wherefore, Meridias prays that the complaint be dismissed with prejudice as to Meridias, that Plaintiff take nothing thereby, and that Merdias be awarded its fees and cost for defending against the same, to the extent permitted by statute and court rule, and that Meridias should have such other and further relief as the court shall find just and equitable.

Dated: September 7, 2010　　　　　　　　　　Routh Crabtree Olsen, PS
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Meridias Capital, Inc.

　　　　　　　　　　　　　　　　　　　By:　　s/ Richard Ullstrom
　　　　　　　　　　　　　　　　　　　　　　　Richard N. Ullstrom
　　　　　　　　　　　　　　　　　　　　　　　AK Bar No. 8811204

The undersigned certifies that on

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

14

Routh Crabtree
Olsen, PS
3000 A Street
Suite 200
Anchorage, Alaska
99503
(907) 222-4300
(907) 222-4396 fax

September 7, 2010, the foregoing was served electronically on Peter C. Partnow, attorney for MERS, and on Kenneth Eggers, attorney for Land Title; and via first class mail on

Gary C. Weber
1100 Ocean View Drive
Anchorage, AK 99515

s/ Richard Ullstrom

Routh Crabtree Olsen, PS
3000 A Street
Suite 200
Anchorage, Alaska 99503
(907) 222-4300
(907) 222-4396 fax

Answer of Meridias Capital
Weber v. Accredited, et al.
Case No. 3:10-cv-00123 HRH

15