IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
GARY L. WEBER, an individual,      )
                                   )
                   Plaintiff,      )
                                   )
     vs.                           )
                                   )
ACCREDITED HOME LENDERS, INC.,     )
a business entity, form unknown,   )
et al.,                            )
                                   )   No. 3:10-cv-0123-HRH
                   Defendants.     )
_____)
```

O R D E R

Motion for Summary Judgment

Defendant Land Title Company of Alaska, Inc. moves for summary judgment.[1]  Defendants Meridias Capital, Inc. and Mortgage Electronic Registration Systems, Inc. join in the motion.[2]  The motion for summary judgment is opposed.[3]  Oral argument was not requested and is not deemed necessary.

Facts

Pro se plaintiff is Gary Weber.  Defendants are Accredited Home Lenders, Inc.; Meridas Capital Inc.; Land Title Company of Alaska,

---

[1] Docket No. 27.

[2] Docket Nos. 33 and 37.

[3] Docket No. 40.

-1-

Inc.; and Mortgage Electronic Registration Systems, Inc. (MERS). The instant motion does not involve defendant Accredited Home Lenders.[4]

In 2006, plaintiff obtained a subprime home loan from Accredited in the amount of $244,000.[5] Plaintiff alleges that Land Title was "the original mortgage escrow/title company and the original trustee for the loan[.]"[6] He alleges that MERS was "the original Mortgage Nominee/Beneficiary for the loan[,]" and that Meridas Capital was "the original mortgage broker for the loan[.]"[7]

On March 7, 2010, plaintiff filed a voluntary petition for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the District of Alaska.[8] On his Schedule B, which required plaintiff to list all his personal assets, including "contingent and unliquidated claims of every nature," plaintiff only listed his 2010 Alaska Permanent Fund Dividend and three vehicles.[9] On his Schedule C, plaintiff claimed three vehicles, his Alaska PFD, his checking and savings accounts, his cash on hand, his 401(k), and

---

[4]A default has been entered against Accredited. See Docket No. 23.

[5]Complaint at ¶ 3, Docket No. 1.

[6]Id. at ¶ 6.

[7]Id. at ¶¶ 5, 7.

[8]See Exhibit A at 3, Declaration of Kenneth P. Eggers in Support of Land Title's Motion for Summary Judgment, Docket No. 28.

[9]Id. at 8.

-2-

other miscellaneous personal property such as clothes and furniture as exempt property.[10] Plaintiff did not claim the residence at issue in this case nor did he claim the causes of action asserted in this case as exempt property on his Schedule C.

A creditors' meeting was held on April 7, 2010. No creditors attended the meeting. At the meeting, plaintiff stated that he had read his schedules carefully and that they were correct.[11] He confirmed that he had listed all his assets on the schedules.[12] Plaintiff mentioned negotiations that he was in with the Bank of America for a loan modification.[13] None of the defendants were mentioned at the creditors' hearing.

On May 16, 2010, plaintiff paid $2000 for a forensic audit.[14] He received the results of the audit on May 19, 2010.[15] "As a result of the findings [of the] Certified Forensic Audit,"[16] plaintiff filed the instant action on June 9, 2010. He asserts the following claims against defendants: 1) a claim for declaratory relief, 2) a claim

---

[10] Id. at 10.

[11] Transcript of Proceedings at 3, lns. 10-12, Exhibit B, Plaintiffs's [sic] Opposition to Land Title[']s Motion for Summary Judgment, Docket No. 40.

[12] Id. at 6, lns. 8-9.

[13] Id. at 4, lns. 3-11.

[14] Affidavit of Gary Weber at 1, ¶ 5, Docket No. 41.

[15] Id. at ¶ 6.

[16] Id. at 2, ¶ 7.

-3-

for injunctive relief, 3) a lien claim, 4) a breach of the implied covenant of good faith and fair dealing claim; 5) a violation of the Truth in Lending Act claim; 6) a violation of the Real Estate Settlement and Procedures Act claim; 7) a rescission claim; 8) a fraud claim; 9) an Unfair and Deceptive Business Acts and Practices Act claim; 10) a breach of fiduciary duty claim; 11) an unconscionability claim; 12) a predatory lending claim; and 13) a quiet title claim. Plaintiff also asserts a claim labeled "improper fictitious entity" against MERS.

On July 6, 2010, plaintiff received a discharge from bankruptcy. On July 12, 2010, the Bankruptcy Court issued a Final Decree, closing plaintiff's Chapter 7 bankruptcy.

Defendants now move for summary judgment on all of plaintiff's claims, arguing that plaintiff's claims are barred by judicial estoppel, or in the alternative, that plaintiff lacks standing to pursue his claims.

## Discussion

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to show that there is an absence of genuine issues of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there

is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In deciding a motion for summary judgment, the court views the evidence of the non-movant in the light most favorable to that party, and all justifiable inferences are also to be drawn in its favor. Id. at 255. "[T]he court's ultimate inquiry is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

Because standing is a threshold issue, see Thomas v. Mundell, 572 F.3d 756, 760 (9th Cir. 2009), the court addresses defendants' alternative argument first. Defendants argue that plaintiff lacks prudential standing to assert his claims because these claims do not belong to him but rather to the bankruptcy trustee. "[T]he doctrine of prudential standing requires [the court] to consider, among other things, ... 'whether the plaintiff is asserting h[is] own rights or the rights of third parties[.]'" Wolfson v. Brammer, 616 F.3d 1045, 1056 (9th Cir. 2010) (quoting Alaska Right to Life PAC v. Feldman, 504 F.3d 840, 848-49 (9th Cir. 2007)).

Plaintiff's bankruptcy was pending at the time he commenced this action. "An 'estate' is created when a bankruptcy petition is filed." Cusano v. Klein, 264 F.3d 936, 945 (9th Cir. 2001).

"Property of a bankruptcy estate includes 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" Id. (quoting 11 U.S.C. § 541(a)(1)). "The scope of § 541 is quite broad and it includes most claims the debtor may have against others." Krank v. Utica Mut. Ins. Co., 109 B.R. 668, 669 (E.D. Pa. 1990). Thus, at that point plaintiff commenced this action, the causes of action he is asserting here were part of the bankruptcy estate, and the bankruptcy trustee, not plaintiff, was the party who had standing to bring these claims. See Cobb v. Aurora Loan Srvcs., LLC, 408 B.R. 351, 354 (E.D. Cal. 2009) (quoting Hernandez v. Downey Sav. & Loan Ass'n, F.A., No. 08-2336, 2009 WL 704381, at *5 (S.D. Cal. Mar. 17, 2009) ("After filing a petition for Chapter 7 bankruptcy protection, a debtor 'may not prosecute a cause of action belonging to the bankruptcy estate' because the bankruptcy trustee is the "real party in interest" with respect to such claims.'").

"That [plaintiff] lacked prudential standing when he filed his complaint does not end [the court's] preliminary standing inquiry." Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004). The court must also consider whether plaintiff has "cured this standing defect." Id.

Plaintiff's standing defect would be cured if the causes of action asserted here returned to him when his bankruptcy was discharged. "If [a debtor] failed properly to schedule an asset,

-6-

including a cause of action, that asset continues to belong to the bankruptcy estate[.]" Cusano, 264 F.3d at 945. While it is undisputed that plaintiff did not schedule the causes of action that he is asserting in this action, plaintiff contends that these causes of action passed to him pursuant to the Homestead Exemption. Plaintiff insists that the ownership of the exempt home and any related causes of action were fully administered and passed to him as exempt property.

It is not clear from the record currently before the court what happened to ownership of the home that was the subject of the mortgage at issue in this case. It is clear, however, that plaintiff did not list the causes of action he asserts here as exempt property in his bankruptcy. While there is case law from other jurisdictions that holds that causes of action related to a residence may be claimed as part of the homestead exemption, in those cases, the debtor actually listed the causes of action as exempt property. See In re Murphy, 367 B.R. 711, 716-17 (Bkrtcy. D. Kan. 2007); In re Gilley, 236 B.R. 441, 446-47 (Bkrtcy. M.D. Fla. 1999). Because plaintiff did not list the causes of action as exempt property, the court concludes that the causes of action did not revert to plaintiff when his bankruptcy was discharged. If the causes of action were not returned to plaintiff, which they were not, then plaintiff lacks standing to pursue these causes of action.

But even if plaintiff has standing, he is judicially estopped

-7-

from bringing the causes of action he asserts in this case. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001). In the Ninth Circuit, a court may "invoke[] judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings,' and to 'protect against a litigant playing fast and loose with the courts.'" Id. (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)). The doctrine of judicial estoppel prohibits a plaintiff from prosecuting a lawsuit that was not timely disclosed as an asset in a bankruptcy proceeding because such non-disclosure "is tantamount to a representation that no such claim existed." In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004); see also, Hamilton, 270 F.3d at 784 (holding that Hamilton was judicially estopped from pursuing his claims against State Farm because "he failed to list his claims against State Farm as assets on his bankruptcy schedules, and then later sued State Farm on the same claims"); Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992) (holding that the plaintiff was estopped from pursuing claims against the bank because it failed to disclose

-8-

the claims during bankruptcy); Oneida Motor Freight, Inc. v. United New Jersey Bank, 848 F.2d 414, 419 (3rd Cir. 1988) ("Oneida's failure to list its claim against the bank worked in opposition to preservation of the integrity of the system which the doctrine of judicial estoppel seeks to protect.").

Plaintiff's arguments to the contrary are unavailing. He first argues that judicial estoppel has no application here because a disclosure to the bankruptcy court was done at his creditors' meeting and because the existence of claims relating to the indebtedness on his residence have no relation to or effect on the claims of general creditors or the size of the bankruptcy estate. However, there was no disclosure of these claims made during the creditors' meeting and the claims could have affected the size of his bankruptcy estate.

Plaintiff also contends that none of the foregoing cases are applicable here because they all involved Chapter 11 bankruptcies, not Chapter 7 bankruptcies. This contention is incorrect because Hamilton was a Chapter 7 case. Plaintiff has cited to no authority that stands for the general proposition that judicial estoppel does not apply in Chapter 7 cases and the court is aware of no such authority.

Finally, plaintiff argues that he was unaware during the pendency of his bankruptcy case that he had claims against defendants. He suggests that he did not learn that he had claims

-9-

against defendants until the completion of the forensic audit on May 19, 2010. However, since his bankruptcy was not discharged until July 2010, he knew about these causes of action prior to the discharge of his bankruptcy. Plaintiff had an obligation to include these causes of action as an asset in his bankruptcy once he knew about them. His failure to do so means that he is judicially estopped from pursuing these claims now.

## Conclusion

Based on the foregoing, defendants' motion[17] for summary judgment is granted. Plaintiffs' claims against defendants Land Title, MERS, and Meridias Capital are dismissed with prejudice.

DATED at Anchorage, Alaska, this 11th day of January, 2011.

/s/ H. Russel Holland
United States District Judge

---

[17] Docket No. 27.